FILED
December 27, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003980181

Tony E. Carballo, Esq. (CA SBN 111379)
Carballo Law Offices
P. O. Box 55937
Hayward, CA 94545-0937
 Tel. (510) 886-2772
 *Fax (510) 474-1515*
Attorney for Debtor(s)
 Rigoberto V. Chavez and
 Patricia Martinez-Chavez

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In Re:<br><br>RIGOBERTO V. CHAVEZ and<br>PATRICIA MARTINEZ-CHAVEZ,<br><br>      Debtor(s). | Case No. 11-47071 - B – 7<br><br>DCN: TEC-01<br><br>MOTION TO COMPEL ABANDONMENT OF ESTATE PROPERTY BY TRUSTEE<br>[11 U.S.C. §554(b); F.R.B.P. 6007(b)]<br><br>Hearing Date: January 24, 2012<br>Time: 9:32 a.m.<br>Judge: Hon. Thomas Holman<br>Courtroom 32  -  Dept. B<br>Address of Court:<br> Robert T. Matsui U.S. Courthouse<br> 501 I Street, Sacramento, CA 95814 |

 Debtors Rigoberto V. Chavez and Patricia Martinez-Chavez (hereinafter "Movant") move the Court for an order compelling the Trustee to abandon the estate's interest in Debtors' gardening business. This Motion is made pursuant to 11 U.S.C. §554(b) and F.R.B.P. 6007(b) in that the property to be abandoned is burdensome to the estate and that it is of inconsequential value and benefit to the estate.  This Motion is based upon the following:


1. Movant filed the petition for relief pursuant to Chapter 7 on November 17, 2011 and Eric J. Nims was appointed as Chapter 7 Trustee.  The initial §341 meeting of creditors was conducted on December 27, 2011 and continued to January 17, 2012.

1

2. Debtor Rigoberto V. Chavez operates a residential gardening business from which he currently earns an average of $3,250 gross income per month ($2,641 net per month after expenses).

3. The property encompassed in this Motion is the gardening business, which is a self-proprietorship, including the equipment used to conduct that business. The business assets consist of used hand gardening tools, a lawn mower, two edgers and a leaf blower with a total value of a maximum of $1,000. The equipment of the business was listed in the petition and fully exempted pursuant to the business equipment exemption in California Code of Civil Procedure §703.140(b)(6). The Trustee has not objected to the exemption of the business equipment. The business has no employees or receivables. Debtors allege that the total value of the business is the $1,000 value of the equipment listed in Schedule B.

4. Debtor Rigoberto V. Chavez provides personal gardening services to homeowners. His personal service is expected by his customers and he cannot transfer his personal obligations to others for compensation. Therefore, his business has no goodwill value. Although technically he is operating a business, he is just a self-employed gardener.

5. The Trustee has requested that Debtor Rigoberto V. Chavez cease operating the gardening business. Debtor has complied although his inability to work causes him and his family a tremendous financial burden as he is the primary breadwinner of his household.

6. Therefore, Debtors assert that the gardening business is burdensome to the estate and of inconsequential value and benefit to the estate and move this Court to order the abandonment of the estate's interest in the gardening business.

Respectfully submitted,

Dated: December 27, 2011

*/s/ Tony E. Carballo*
Attorney for Debtors

2